▉ ELI SUTTON, Appellant, v. ROBERT BEAL, Respondent.— *Per Curiam.* Appeal from a judgment dismissing the complaint in a motor vehicle negligence action, entered upon a verdict of no cause of action. Defendant, the only witness to the operation of his own automobile, was called by plaintiff and testified that at noon on a February day, while driving at 35 to 40 miles per hour on a wet pavement, he entered a gradual S-curve and then proceeded in a skid from his right lane diagonally across the highway and 10 or 12 feet off the left side of the highway into a parking lot, there colliding with the parked automobile in which plaintiff was sitting; defendant's car then "glancing off" plaintiff's automobile and returning to the middle of the highway, where defendant regained control of it. Plaintiff places great reliance on the testimony of a State Trooper that defendant told him that while trying to negotiate the curve he struck a snowbank on the right shoulder and veered to the opposite side of the road, and proceeded to strike plaintiff's car in the parking area; but the record presents no reason for a holding that the jury was not entitled to accept the version to which defendant testified. The trial court charged, without exception, "that negligence cannot be inferred from the fact that the car of the defendant skidded or that this accident happened" but, to be actionable, the skid "must be traced to a negligent origin", must be found to have occurred "because of the negligent operation of the defendant's vehicle." It could not reasonably be said that the verdict was contrary to the weight of the evidence. We have examined plaintiff's assignments of error and find them insubstantial. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.

▉ JOHN H. ROBILLARD, an Infant, by DELLA M. ROBILLARD, His Guardian ad Litem, et al., Respondents, v. JOSEPH PIGEON, Appellant, et al., Defendant.— *Per Curiam.* The plaintiff moved to take on written interrogatories the testimony of a Massachusetts physician at Salem, Massachusetts. The defendants then moved to cancel the notice or, in the alternative, to be permitted to cross-examine the doctor orally at Salem. The court ordered an open commission on condition that the defendants defray the expenses of the plaintiffs' attorney in attending the examination. The sole issue raised by the defendant-appellant is that "No proper cross examination of an expert witness can be made by written cross questions" and that hence the provision for expenses should not have been made. We find no compelling reason to interfere with the exercise of Special Term's discretion. Order affirmed, with $20 costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.